To: Joseph E. Johnston, Jr. Attorney for Hernando County School Board
QUESTIONS:
1. Is the School Board of Hernando County authorized to lease real property without competitive bids, for a term of 15 years with an option to renew to a nonprofit fire fighting corporation?
2. Is the Hernando County School Board authorized to declare such real property as surplus and to sell it to a nonprofit fire fighting corporation without competitive bids?
SUMMARY:
Unless and until judicially or legislatively determined otherwise, the Hernando County School Board is not statutorily authorized nor does it possess home rule power to lease real property to a private nonprofit corporation for noneducational purposes. However, the Hernando County School Board is authorized, when determined to be in the best interests of the public, to sell real property owned by the board which has been declared unnecessary or unsuitable for educational purposes to a nonprofit fire fighting corporation without competitive bids when the property, in the opinion of the board, has an estimated value of $25,000 or less and when disposal of such property has been recommended in an educational plant survey.
Your letter states that the School Board of Hernando County owns real property upon which a school building is located. This building is currently being used for storage but, under existing regulations, cannot be operated as a school. According to your letter, a group of local citizens has formed a nonprofit corporation for the purpose of providing volunteer fire department services in the portion of the county where the subject property is located. You state that this nonprofit corporation is not a governmental entity. The corporation proposes to buy or lease the subject school property.
AS TO QUESTION 1:
Section 235.056(1), F.S., authorizes a school board to lease educational plants to certain entities. This section provides in pertinent part that:
 A board, including the Board of Regents, is authorized to lease educational plants to a federal, state, county, or municipal governmental agency or to any public nonprofit agency, for the benefit of the community, when such action is recommended in an educational plant survey.
 An "[e]ducational plant" consists of "the buildings, equipment, site and site improvements necessary to accommodate students, faculty, administrators, staff, and the activities of the educational program of each plant." Section 235.011(6), F.S. And see s. 235.011(7), F.S., defining an "[e]ducational plant survey" to be a systematic study of present educational and ancillary plants and the determination of future needs to provide an appropriate educational program and services for each student. Cf. s. 235.056(2), F.S., providing for the lease, for educational purposes, of any land owned by the board.
 In Forbes Pioneer Boat Line v. Board of Commissioners of Everglades Drainage District, 82 So. 346, 350 (Fla. 1919), the Florida Supreme Court considered the distinctions between private corporations, quasi-public corporations and public corporations, stating:
 A private corporation is one formed for the benefit of its stockholders exclusively. When it is invested with certain powers of a public nature to permit it to discharge duties to the public, it loses its strictly private character and becomes quasi public. A corporation is public when created for public purposes only, connected with the administration of government, and where the whole interests and franchises are the exclusive property and domain of the government itself.
See Black's Law Dictionary Corporation 409-410 (Rev. 4th ed. 1968) ("A public corporation is one created by the state for political purposes and to act as an agency in the administration of civil government. . . . [A corporation, however, if] organized by private persons for their own advantage, or even if organized for the benefit of the public generally, . . . is none the less a private corporation"). And see 18 C.J.S. Corporations s. 18a ("generally, a public corporation is created by the people or government for public purposes, political or otherwise, whereas a private corporation is one formed by voluntary agreement of its members for private, and, in some instances, for public purposes"). See also O'Malley v. Florida Insurance Guaranty Association,257 So.2d 9, 11 (Fla. 1971) (the business of public corporations is ordinarily stipulated by the Legislature to fill a public need without private profit to any organizers or stockholders; their function is to promote the public welfare and they frequently implement governmental regulations within the state's police power); AGO 78-106, stating that the primary characteristic of a public or quasi-public corporation is its creation by law. Cf. 81A C.J.S. States s. 141 (in absence of a constitutional restriction, state may create a public corporation for purpose of carrying out a state duty or function). It would appear, based on the authority discussed above and in light of your statement that the nonprofit corporation is not a governmental entity, that the subject nonprofit corporation is a private rather than a public nonprofit corporation, and accordingly, the authorization contained in s. 235.056(1), F.S., for the lease of educational plants to a public nonprofit agency would not be applicable.
With regard to home powers possessed by school boards, s. 7, ch. 83-324, Laws of Florida, amended s. 230.03(2), F.S. 1983, to delete limiting language which required school boards to exercise powers "for educational purposes except as otherwise provided by the State Constitution or law" and added the language "except as expressly prohibited by the State Constitution or general law." Since the amendment of s. 230.03(2), F.S., in 1983 by s. 7, ch. 83-324, Laws of Florida, this office has consistently stated that district school boards have been granted "home rule" powers and thus may exercise any power for school purposes in the operation, control and supervision of the free public schools in their districts unless expressly prohibited by the State Constitution or general law. See AGO's 83-72, 84-58, 84-95 and 86-45.
Despite the broad home rule powers provided to district school boards by s. 230.03(2), F.S., this section does not empower such boards to adopt a rule or policy or take any other form of legislative action in conflict with a state statute. See AGO 84-95. In AGO 84-95 it was determined that s. 230.03(2) 1983, did not operate to authorize a district school board to donate district school funds to a private organization to assist such organization in the purchase of a project for a historical museum and park. In that opinion it was noted that such a donation was not an expenditure or disbursement of district school funds solely for the support of the public schools of the district as required by s. 236.29, F.S. 1983. Attorney General Opinion 84-95 concluded that the legislative direction contained in the statute would prevail over a conflicting method or procedure adopted by a district school board. Similarly, s. 235.056, F.S., appears to represent the exclusive legislative scheme for the leasing of educational plants by district school boards. Thus, the provisions of s. 235.056, F.S., would prevail over any local scheme or plan of the school board for the leasing of educational plants or facilities.
In sum, it does not appear that the School Board of Hernando County possesses either the express statutory authority under s. 235.056(1), F.S., or the home rule power pursuant to s. 230.03(2), F.S., to lease real property to a private nonprofit corporation for noneducational purposes.
AS TO QUESTION 2:
Section 235.04(1), F.S., provides that:
 Subject to rules of the state board, a board may dispose of any land or real property which is, by resolution of such board, determined to be unnecessary for educational purposes as recommended in an educational plant survey. A board shall take diligent measures to dispose of educational property only in the best interests of the public. However, appraisals may be obtained by the board prior to or simultaneously with the receipt of bids.
Cf. Black's Law Dictionary 1383 (Rev. 4th ed. 1968) defining "[r]eal property" as land and generally whatever is erected or growing upon or affixed to land; 73 C.J.S. Property s. 16 (1983), which states that "real property" is the interest which a person has in lands, tenements or hereditaments and also, because such things are permanent, fixed and immovable and cannot be carried out of their places, as lands and tenements. Thus, it would appear that both the property and the school building thereon constitute "real property" within the scope of s. 235.04(1), F.S., and may be disposed of as set forth therein.
Rule 6A-2.28(1), F.A.C., promulgated by the State Board of Education, provides as follows:
 (1) A board may dispose of any land or other real property which has been declared by resolution of the board to be unnecessary or unsuitable for educational purposes and which is recommended for disposal in the education plant survey. The board may dispose of such property by one of the following methods:
(a) Transfer to other governmental agency.
* * *
(b) Public or private sale:
 1. When the property, in the opinion of the board, has an estimated value of twenty-five thousand dollars ($25,000) or less, the board may dispose of the property by either public or private sale for whatever consideration the board deems to be in the best interest of the public.
 2. When the property, in the opinion of the board, has an estimated value in excess of twenty-five thousand dollars ($25,000), the board shall dispose of the property by public sale. Such sale shall be by sealed bid, and shall be advertised for three (3) consecutive weeks in a newspaper having general circulation in the district and in additional newspapers if, in the judgment of the board, the best interest of the public will be served by additional notices offering the property for sale. Upon receipt of sealed bids on the date specified, the board shall have the authority to reject any or all bids. The board shall request sealed property appraisals from at least three (3) qualified real estate appraisers prior to or concurrent with receiving bids. If the highest bid represents a fair value of the property based upon the appraisals, the board shall accept the bid. If the bid does not represent a fair value, then the appraisers shall fix the appraised value which the board shall accept as a minimum for the property. The board shall then reject all bids and proceed to dispose of the property by public or private sale for an amount at least equal to the appraised value. If after six (6) months the board fails to sell the property at the appraised value as set by the appraisers, the board may readvertise for the public sale of the property and reinitiate the same procedure as outlined above.
See s. 235.011(7), F.S., defining "[e]ducational plant survey"; and s. 235.15, F.S., requiring a school board to arrange for such a survey at least every 5 years to be conducted by the Department of Education or an agency approved by the commissioner. And see Rule 6A-2.28(2), F.A.C., providing, inter alia, that the funds received from the sale of property pursuant to Rule 6A-2.28(1), supra, shall be placed in the board's budget and expended for capital outlay improvements needed by the board.
Your letter specifically states that the nonprofit fire fighting corporation is not a governmental entity. Thus Rule 6A-2.28(1)(a), supra, would not apply. The applicability of (1)(b)1. or 2., supra, is dependent upon whether, in the opinion of the Hernando County School Board, the property involved is valued at $25,000 or less or is valued in excess of $25,000. The provisions requiring submission of the property to public sale by sealed bid are applicable only if the board determines that the subject property is valued in excess of $25,000. Therefore, the School Board of Hernando County is authorized to sell real property without submitting such property to public sale by sealed bids by declaring the real property to be unnecessary and unsuitable for educational purposes and securing a recommendation for disposal in the educational plant survey when such property, in the opinion of the board, has an estimated value of $25,000 or less.
Further, the School Board of Hernando County does not appear to possess the requisite home rule power to develop a policy varying from or contrary to that expressed in Rule 6A-2.28(1), F.A.C. As discussed herein, district school boards are authorized by s. 230.03(2), F.S., to exercise any power for school purposes in the operation, control and supervision of the public schools in their districts unless expressly prohibited by the State Constitution or general law. While Rule 6A-2.28(1), F.A.C., is not a provision of general law, s. 235.04(1), F.S., quoted supra, makes the disposal of real property as described therein subject to rules of the State Board of Education. Thus, the provisions of the applicable administrative rule appear to represent the exclusive method for disposing of real property which falls within the scope of the rule and any attempt to deal with this property in another fashion would constitute a conflict with general law.
Sincerely,
Jim Smith Attorney General
Prepared by:
Gerry Hammond Assistant Attorney General